# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Daquan Tyrek Brown, ) | |
| ) | |
| Petitioner, ) | Case No.: 2:11-cr-472-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

In 2013, this Court sentenced Daquan Brown to 308 months in prison for crimes he committed as a member of violent drug trafficking ring. Since then, he has sought collateral relief from that sentence under 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255. The Court considered each of his motions and, in separate orders, denied them. Brown now seeks relief from those orders under Federal Rule of Civil Procedure 60(b)(5) (ECF No. 2352).[1]

In his § 2255 motion, Brown made several claims of ineffective assistance of counsel, including that his attorney neglected to object to an alleged error made at sentencing. The Court rejected that argument, finding that it had properly applied a cross-reference in the United States Sentencing Guidelines. Later, the Court denied Brown's § 3582(c)(2) motion based on that cross-reference. In his current motion, he argues that under *United States v. Horton*, 693 F.3d 463 (4th Cir. 2012), the cross-reference was improper.

Brown's motion is essentially a first motion to reconsider the order on his § 3582(c)(2) motion and a second motion to reconsider the order on his § 2255 motion.[2] The Court has no jurisdiction to reconsider an order denying a § 3582(c)(2) motion. *See United States v.*

---

1. Brown also cites Rules 60(b)(4) and 60(d)(1), but he advances no argument as to why the Court's prior decisions are void or why he is entitled to relief under Rule 60(d)(1).

2. Brown previously filed a first motion to reconsider, which this Court denied.

2

*Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010).  As for the § 2255 aspect of Brown's current motion, the Court sees no inequity in adhering to its previous decision; the application of the cross-reference was proper.  *See generally United States v. Ashford*, 718 F.3d 377 (4th Cir. 2013).

It is therefore **ORDERED** that Brown's Rule 60(b) motion is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 16, 2017**
**Charleston, South Carolina**

2